**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TONI WOODS,<br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | CIVIL ACTION NO.: 4:20-cv00860<br><br>Judge Charles Eskridge |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

In accordance with this Court's Order of June 3, 2020, (ECF Doc. #9), Plaintiff Toni Woods ("Plaintiff") and Defendant The Lincoln National Life Insurance Company ("Defendant") jointly file this Joint Discovery and Case Management Plan.

**1. State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

Counsel for Plaintiff, Anthony Vessel, conferred with Counsel for Defendant, Stephanie Ng and Scott Pomeroy, by telephone and email between June 4, 2020, and June 8, 2020.

**2. List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

None.

**3. Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

In this case Plaintiff seeks to recover allegedly-due disability benefits under a group insurance policy ("Group Policy") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). As such, the Court will review Defendant's determination below on the basis of the Administrative Record and under the applicable ERISA standard of review.

Defendant issued the Group Policy to fund, in part, an employee welfare benefit plan established and maintained by Plaintiff's employer. Plaintiff applied for disability benefits under the Group Policy, and Defendant, as claim administrator, determined that she failed to meet her burden to prove entitlement to benefits under the terms of the Group Policy. Following Plaintiff's administrative appeals, Defendant upheld its determination.

In addition to allegedly-due disability benefits, Plaintiff seeks a recovery of her attorney's fees in this action. Defendant denies Plaintiff's allegations and contends that its determination was correct, let alone reasonable.

**4. Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

The Parties agree that this Court has subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(e) and (f).

**5. List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

None.

**6. List any anticipated interventions. Briefly explain why.**

None.

**7. Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

None.

**8. State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

The Parties have not made initial disclosures. This case is exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(i) because it is "an action for review on an administrative

record." In lieu of initial disclosures, Defendant will produce the Administrative Record on or before **8/20/2020**.

**9. Apart from initial disclosures, specify other discovery served or accomplished to date.**

None.

**10. Describe the proposed agreed discovery plan. At a minimum, include:**

**a. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

**b. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

**c. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

**d. Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

**e. Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

**f. When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

**g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

**h. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendant will produce the Administrative Record on or before **8/20/2020** in Adobe PDF format.

The Parties do not anticipate discovery beyond the Administrative Record. In an ERISA benefit claim under § 1132(a)(1)(B), the Court's review of an administrator's determination "is

essentially analogous to a review of an administrative agency decision." *See*, *e.g.*, Crosby v. Louisiana Health Serv. & Indemn. Co., 647 F.3d 258, 263 (5th Cir. 2011). Accordingly, a plaintiff is generally limited to presenting evidence from the Administrative Record. *Id*. Outside of a few narrow exceptions, the Court may not consider extra-record evidence because to do so would "allow claimants to circumvent the administrative process by waiting until they filed suit to produce evidence that related to the merits of their claim for benefits." *Id*. Moreover, were the Court to allow for broad discovery into "the motivations behind ever plan administrator's discretionary decision," it would "seriously undermine ERISA's goal of resolving claims efficiently and inexpensively." *Id.* at 264 (quoting Semien v. Life Ins. Co. of N. America, 436 F.3d 805, 814–15 (7th Cir. 2006)).

If, upon review of the Administrative Record, the Plaintiff contends that the Administrative Record is inaccurate or the Plaintiff seeks extra-record discovery or both, Plaintiff shall, by **10/20/2020**, move for leave to propound any extra-record discovery, to correct the Administrative Record, or both. Defendant's opposition papers to any such motion shall be filed within twenty-one days of the motion.

**11. State the date by which the parties can reasonably complete the planned discovery.**

If Plaintiff does not move for leave to propound any extra-record discovery or to correct the Administrative Record, discovery will be complete by **10/20/2020**. Otherwise, the Parties anticipate discovery can be complete within sixty (60) days of any Order granting leave to propound discovery. The Parties propose filing a written status report with the Court on **12/10/2020**, to advise the Court as to the status of discovery, if allowed, and the status of their settlement efforts.

**12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

The Parties agree on the foregoing discovery plan.

**13. Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The Parties are discussing settlement in good faith and intend to continue their efforts to settle the case informally. If it becomes necessary, the Parties may seek private mediation or request a Magistrate Judge settlement conference or other ADR prior to filing dispositive motions. If the Parties have scheduled a private mediation or request Court-sponsored ADR, they shall so advise the Court by **12/10/2020**, and at that time, they may request that the deadline for dispositive motions for judgment be adjusted, if necessary.

**14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

The Parties have discussed alternative dispute resolution with their respective clients.

**15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

The Parties do not consent to trial before a Magistrate Judge.

**16. Identify any party that has made a jury demand and whether it was timely.**

There is no right to a jury trial in this ERISA action. *See* Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980).

**17. Specify the number of hours it will likely take to present the evidence at trial in this case.**

As this case is a review proceeding, and not an evidentiary proceeding, there is no "trial" as such. *See* Crosby, 647 F.3d at 264; *see also, e.g.*, Leahy v. Raytheon Co., 315 F.3d 11, 17–18 (1st Cir. 2002) ("In an ERISA benefit denial case, trial is usually not an option: in a very real sense, the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of

the record compiled before the plan fiduciary.") The Parties agree that the Court should decide the case on the basis of the Administrative Record and the Parties' dispositive motions for judgement on the record. The Parties propose to file their cross-motions for judgment on the later of: (a) **1/20/2021**; (b) forty (40) days after the completion of any ordered discovery; or (c) forty (40) days after completion, if unsuccessful, of any private mediation or Court-sponsored ADR.

**18. List pending motions the Court could resolve at the initial pretrial conference.**

None.

**19. List other pending motions.**

None.

**20. List all other matters that deserve attention of the Court at the initial pretrial conference.**

None.

**21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

The Parties' Proposed Scheduling and Docket Control Order is attached.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed her Disclosure of Interested Persons on March 10, 2020. *See* ECF Doc. #3. Plaintiff requested Defendant's waiver of service pursuant to Rule 4 on May 21, 2020, at which time Defendant waived service. *See* ECF Doc. #7. Defendant filed its Disclosure of Interested Persons on June 5, 2020. *See* ECF Doc. #12.

**23. If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

Not Applicable.

**24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**


Counsel for Plaintiff Toni Woods,

*/s/ J. Anthony Vessel*
J. Anthony Vessel
MARC WHITEHEAD & ASSOC.
403 Heights Boulevard
Houston, TX 77007
Tel: 713-228-8888
Fax: 713-225-0949
anthony@marcwhitehead.com

Counsel for Defendant The Lincoln National Life Insurance Company,

*/s/ Stephanie C. Ng*
Stephanie C. Ng
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
Tel: 713-655-5755
Fax: 713-655-0020
stephanie.ng@ogletree.com

-and-

/s/ Scott K. Pomeroy
Scott K. Pomeroy (*pro hac vice* pending)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel: (207) 387-2961
Fax: (207) 387-2986
scott.pomeroy@ogletree.com


Dated: June 8, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Stephanie C. Ng*
Stephanie C. Ng

43088102.1