**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TONI WOODS,<br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>Defendant. | CIVIL ACTION NO.: 4:20-cv-00860<br><br>Judge Charles Eskridge |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby answers the Plaintiff's Complaint ("Complaint") as follows:

**Preliminary Statement**

1. In response to Paragraph 1 of the Complaint, Lincoln admits that Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Lincoln admits that Plaintiff asserts certain claims but denies that she is entitled to any remedy or relief in this lawsuit. Lincoln admits that it issued a Group Long-Term Disability Insurance Policy, Policy Number 000860059929 (the "Group LTD Policy"), a Group Insurance Policy Providing Weekly Disability Income Insurance, Policy Number 000010104891 (the "Group STD Policy"), and a Group Insurance Policy Providing Life Insurance, Policy Number 000860059928 (the "Group Life Policy"), to Memorial Hermann Health System ("Memorial") to fund, in part, the employee welfare benefit plan Memorial established and maintained for its employees. Lincoln admits that the Group LTD Policy, the Group STD Policy, and the Group Life Policy (collectively, the "Group Policies") and Memorial's employee welfare benefit plan are governed by ERISA. Lincoln admits that it is the claim administrator responsible for

adjudicating claims under the Group Policies. Lincoln admits that Plaintiff was, at one time, employed by Memorial and thus was, at one time, covered by the Group Policies. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the terms of the Group Policies and denies the allegations of Paragraph 1 to the extent they are incomplete or inconsistent with the terms of the Group Policies or any part of the Administrative Record. Unless expressly admitted, Lincoln denies the allegations of Paragraph 1.

**Parties**

2. In response to Paragraph 2 of the Complaint, Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3. In response to Paragraph 3 of the Complaint, Lincoln admits it is duly organized insurance company licensed in the State of Texas. Except as expressly admitted, Lincoln denies the allegations of Paragraph 3.

4. In response to Paragraph 4 of the Complaint, Lincoln admits that it was the claim administrator for the Group Policies responsible for construing its terms and determining benefit eligibility thereunder. Lincoln also admits that it was responsible for paying benefits under the Group Policies to eligible claimants who prove entitlement to such benefits. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the terms of the Group Policies and denies the allegations of Paragraph 4 to the extent they are incomplete or inconsistent with the terms of the Group Policies or any part of the Administrative Record. Unless expressly admitted, Lincoln denies the allegations of Paragraph 4.

5. In response to Paragraph 5 of the Complaint, Lincoln admits only that it does not challenge personal jurisdiction, venue, or service of process in this case. Except as expressly admitted, Lincoln denies the allegations of Paragraph 5.

**Jurisdiction and Venue**

6. Paragraph 6 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln admits that this Court has subject matter jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331 and ERISA. Lincoln admits that Plaintiff brings this action to recover certain insurance benefits pursuant to ERISA, but Lincoln denies that Plaintiff is entitled to any remedy or relief in this action. Answering further, Lincoln refers to the full text of the statutes cited in the Plaintiff's allegations, and Lincoln denies the allegations of Paragraph 6 to the extent incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 6.

7. Paragraph 7 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln admits only that it does not challenge personal jurisdiction, venue, or service of process in this case. Answering further, Lincoln refers to the full text of the statutes and other legal authorities cited in the Plaintiff's allegations, and Lincoln denies the allegations of Paragraph 7 to the extent incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 7.

**Contractual and Fiduciary Relationship**

8. In response to Paragraph 8 of the Complaint, Lincoln admits that Plaintiff was, at one time, employed by Memorial and covered by the Group LTD Policy. Lincoln also admits that the Group LTD Policy has an effective date of March 1, 2004. Answering further, Lincoln

states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the terms of the Group Policies and denies the allegations of Paragraph 8 to the extent they are incomplete or inconsistent with the terms of the Group Policies or any part of the Administrative Record. Unless expressly admitted, Lincoln denies the allegations of Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Lincoln admits that it issued the Group Policies to Memorial to fund, in part, the employee welfare benefit plan Memorial established and maintained for its employees. Lincoln admits that Plaintiff was, at one time, employed by Memorial and covered by the Group LTD Policy. Answering further, Lincoln states that certain medical records concerning Plaintiff's purported symptoms, conditions, and treatments as well as documents concerning Lincoln's determinations with respect to Plaintiff's claims are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 9 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 9. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

10. In response to Paragraph 10 of the Complaint, Lincoln admits that it was the claim administrator for the Group Policies responsible for construing its terms and determining benefit eligibility thereunder. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Group

Policies and denies the allegations of Paragraph 10 to the extent they are incomplete or inconsistent with the terms of the Group Policies. Except as expressly admitted, Lincoln denies the allegations of Paragraph 10.

11. In response to Paragraph 11 of the Complaint, Lincoln admits that it issued the Group Policies to Memorial, and the Group Policies fund, in part, the employee welfare benefit plan Memorial established and maintained for its employees. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Group Policies and denies the allegations of Paragraph 11 to the extent they are incomplete or inconsistent with the terms of the Group Policies. Except as expressly admitted, Lincoln denies the allegations of Paragraph 11.

12. Lincoln denies the allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln refers to the full text of the legal authority cited in the Plaintiff's allegation, and Lincoln denies the allegations of Paragraph 14 to the extent they are incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 14.

15. Lincoln denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln refers to the full text of the statute cited in the Plaintiff's allegation, and Lincoln denies the allegations of Paragraph 16 to

the extent they are incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 16.

17. Paragraph 17 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations of Paragraph 17 to the extent they are incomplete or inconsistent with any applicable legal authority.

18. Paragraph 18 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln admits that Plaintiff makes certain contentions. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Group Policies and denies the allegations of Paragraph 18 to the extent they are incomplete or inconsistent with the terms of the Group Policies. Lincoln also refers to the full text of the statute cited in the Plaintiff's allegation, and Lincoln denies the allegations of Paragraph 18 to the extent they are incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 18.

19. Paragraph 19 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln refers to the full text of the legal authority cited in the Plaintiff's allegation, and Lincoln denies the allegations of Paragraph 19 to the extent incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 19.

20. Paragraph 20 of the Complaint contains assertions of law to which no responsive pleading is required. To the extent a response is required, Lincoln refers to the full text of ERISA and the legal authority cited in the Plaintiff's allegation, and Lincoln denies the

allegations of Paragraph 20 to the extent incomplete or inconsistent with any applicable legal authority. Except as expressly admitted, Lincoln denies the allegations of Paragraph 20.

21. In response to Paragraph 21 of the Complaint, Lincoln admits that it issued the Group Policies and that it was the claim administrator responsible for construing its terms and determining benefit eligibility thereunder. Lincoln admits that it had fiduciary obligations to the plan as a whole, only to pay claims that were proven, and only in that capacity. Except as expressly admitted, Lincoln denies the allegations of Paragraph 21.

**Administrative Appeal**

22. In response to Paragraph 22 of the Complaint, Lincoln admits that Plaintiff is a woman and that she is 52 years old. Lincoln also admits that Plaintiff was, at one time, employed by Memorial with a job title of "Patient Access Representative II." Answering further, Lincoln states that documents concerning Plaintiff's employment and occupational duties are set forth in the Administrative Record and speak for themselves. Lincoln refers to those documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 22 to the extent they are incomplete or inconsistent with such documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Lincoln states that documents concerning Plaintiff's employment and occupational duties are set forth in the Administrative Record and speak for themselves. Lincoln refers to those documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 23 to the extent they are incomplete or inconsistent with such documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Lincoln admits that Plaintiff stopped full-time work on or about October 1, 2015, and that she complained of systemic lupus erythematosus and other conditions. Answering further, Lincoln states that documents concerning the dates of Plaintiff's employment and certain medical records concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 24 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 24.

25. In response to Paragraph 25 of the Complaint, Lincoln admits that Plaintiff makes certain allegations. Answering further, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 25 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 25. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

26. In response to Paragraph 26 of the Complaint, Lincoln admits that Plaintiff applied for short term disability ("STD") benefits under the Group STD Policy with respect to a prior claim for syncope in 2013, that Lincoln paid STD benefits on that claim from March 9, 2013, to March 18, 2013, and that Plaintiff returned to work on March 18, 2013. Lincoln admits

that Plaintiff later contacted Lincoln with respect to a potential STD benefits claim for her alleged systemic lupus erythematosus disability in October 2015, and that Lincoln advised her that she was not eligible for coverage under the Group STD Policy. Answering further, Lincoln states that the October 2015 communications between Lincoln and Plaintiff concerning alleged systemic lupus erythematosus disability are set forth in the Administrative Record and speak for themselves. Lincoln refers to such communications, as set forth in the Administrative Record, and denies the allegations of Paragraph 26 to the extent they are incomplete or inconsistent with any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 26. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

27. In response to Paragraph 27 of the Complaint, Lincoln admits that Plaintiff applied for STD benefits under the Group STD Policy with respect to a prior claim for syncope in 2013, that Lincoln paid STD benefits on that claim from March 9, 2013, to March 18, 2013, and that Plaintiff returned to work on March 18, 2013. Lincoln admits that Plaintiff later contacted Lincoln with respect to a potential STD benefits claim for her alleged systemic lupus erythematosus disability in October 2015, and that Lincoln advised her that she was not eligible for coverage under the Group STD Policy. Answering further, Lincoln states that the October 2015 communications between Lincoln and Plaintiff concerning alleged systemic lupus erythematosus disability are set forth in the Administrative Record and speak for themselves. Lincoln refers to such communications, as set forth in the Administrative Record, and denies the allegations of Paragraph 27 to the extent they are incomplete or inconsistent with any part of the

Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 27. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

28. In response to Paragraph 28 of the Complaint, Lincoln admits that Plaintiff submitted a claim for long-term disability ("LTD") benefits under the Group Policies. Answering further, Lincoln states that the various forms and other documents Plaintiff submitted to Lincoln in connection with her application for LTD benefits are set forth in the Administrative Record and speak for themselves. Lincoln refers to such forms and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 28 to the extent they are incomplete or inconsistent with such forms and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 28. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

29. In response to Paragraph 29 of the Complaint, Lincoln admits that by letter dated April 25, 2016, it notified Plaintiff of its determination that she initially met her burden of proving an entitlement to LTD benefits under the Group LTD Policy. Lincoln admits that it paid Plaintiff LTD benefits for more than two years and five months. Lincoln admits that by letter dated September 15, 2018, it notified Plaintiff of its determination that she did not meet her burden of proving an entitlement to LTD benefits beyond September 15, 2018. Lincoln admits that following a full and fair administrative appeal of its September 15, 2018 determination, Lincoln notified Plaintiff, by letter dated April 4, 2019, that it had upheld that prior

determination. Lincoln admits that following a full and fair second-level administrative appeal, Lincoln notified Plaintiff, by letter dated October 2, 2019, that it had again upheld its original determination. Lincoln admits that its September 15, 2018 letter advised Plaintiff of her appeal rights. Answering further, Lincoln states that its letters of April 25, 2016, September 15, 2018, April 4, 2019, and October 2, 2019, are all set forth in the Administrative Record and speak for themselves. Lincoln refers to those letters and denies the allegations of Paragraph 29 to the extent they are incomplete or inconsistent with such letters or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 29.

30. In response to Paragraph 30 of the Complaint, Lincoln admits that Plaintiff has characterized a portion of the Group LTD Policy describing Plaintiff's burden to prove entitlement to LTD benefits. Lincoln refers to the complete Group LTD Policy, which is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations of Paragraph 30 to the extent they are incomplete or inconsistent with the Group LTD Policy or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 30.

31. In response to Paragraph 31 of the Complaint, Lincoln admits that the gross LTD benefit potentially to Plaintiff under the Group LTD Policy, based on Plaintiff's reported pre-disability income, was $1,811.68 per month, but this gross benefit amount is subject to various monthly benefit deductions as described in the Group LTD Policy, including but not limited to reductions for workers' compensation, retirement benefits, income from Plaintiff's subsequent part-time work, her income from other sources, and Social Security benefits. Answering further, Lincoln states that the Group Policies and documents concerning Plaintiff's earnings and other income are set forth in the Administrative Record and speak for themselves. Lincoln refers to

the Group Policies and such other documents and denies the allegations of Paragraph 31 to the extent they are incomplete or inconsistent with the terms of the Group Policies or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 31.

32. In response to Paragraph 32 of the Complaint, Lincoln admits that Plaintiff filed an administrative appeal of Lincoln's September 15, 2018 determination, by letter dated October 11, 2018. Answering further, Lincoln states that Plaintiff's October 11, 2018 appeal letter is set forth in the Administrative Record and speaks for itself. Lincoln refers to that letter and denies the allegations of Paragraph 32 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 32.

33. In response to Paragraph 33 of the Complaint, Lincoln admits that Plaintiff filed an administrative appeal of Lincoln's September 15, 2018 determination, by letter dated October 11, 2018. Lincoln also admits that Plaintiff filed a second-level administrative appeal, by letter dated July 30, 2019. Answering further, Lincoln states that Plaintiff's October 11, 2018, and July 30, 2019 letters are both set forth in the Administrative Record and speak for themselves. Lincoln refers to those letters and denies the allegations of Paragraph 33 to the extent they are incomplete or inconsistent with those letters or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 33.

34. In response to Paragraph 34 of the Complaint, Lincoln admits that Plaintiff submitted certain medical records and other documents in connection with her administrative appeals. Answering further, Lincoln states that such records and documents are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents,

as set forth in the Administrative Record, and denies the allegations of Paragraph 34 to the extent they are incomplete or inconsistent with the records and documents Plaintiff submitted or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 34. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

35. In response to Paragraph 35 of the Complaint, Lincoln admits that Plaintiff submitted a copy of a Social Security Notice of Award Letter, dated December 11, 2018, and other documents in connection with her administrative appeals. Answering further, Lincoln states that such materials are set forth in the Administrative Record and speak for themselves. Lincoln refers to such materials, as set forth in the Administrative Record, and denies the allegations of Paragraph 35 to the extent they are incomplete or inconsistent with the materials Plaintiff submitted or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 35. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

36. In response to Paragraph 36 of the Complaint, Lincoln admits that Plaintiff submitted a copy of a Social Security Notice of Award Letter, dated December 11, 2018, and other documents in connection with her administrative appeals. Answering further, Lincoln states that such materials are set forth in the Administrative Record and speak for themselves. Lincoln refers to such materials, as set forth in the Administrative Record, and denies the allegations of Paragraph 36 to the extent they are incomplete or inconsistent with the materials

Plaintiff submitted or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 36. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

37. In response to Paragraph 37 of the Complaint, Lincoln admits that it engaged independent third-party vendors to select board-certified physicians with appropriate specialties to review all of the medical evidence in Plaintiff's claim. Lincoln admits that a third-party vendor selected Dr. David Hoenig, who is board certified in neurology and pain medicine, and that Dr. Hoenig prepared a peer review report, dated March 12, 2018, which is set forth in the Administrative Record and speaks for itself. Lincoln refers to Dr. Hoenig's March 12, 2018 report and denies the allegations of Paragraph 37 to the extent they are incomplete or inconsistent with that report or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 37.

38. In response to Paragraph 38 of the Complaint, Lincoln admits that Dr. Keith Caruso, a medical consultant who is board-certified in psychiatry and forensic psychiatry, reviewed the medical evidence in Plaintiff's claim and prepared a report, dated January 21, 2019, which is set forth in the Administrative Record and speaks for itself. Lincoln refers to Dr. Caruso's January 21, 2019 report and denies the allegations of Paragraph 38 to the extent they are incomplete or inconsistent with that report or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 38.

39. In response to Paragraph 39 of the Complaint, Lincoln admits that it engaged independent third-party vendors to select board-certified physicians with appropriate specialties

to review all of the medical evidence in Plaintiff's claim. Lincoln admits that a third-party vendor selected Dr. N. Nichole Barry, who is board certified in rheumatology, and that Dr. Barry prepared a peer review report, dated February 6, 2019, which is set forth in the Administrative Record and speaks for itself. Lincoln refers to Dr. Barry's February 6, 2019 report and denies the allegations of Paragraph 39 to the extent they are incomplete or inconsistent with that report or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 39.

40. In response to Paragraph 40 of the Complaint, Lincoln admits that Dr. Keith Caruso, a medical consultant who is board-certified in psychiatry and forensic psychiatry, reviewed the medical evidence in Plaintiff's claim and prepared an addendum report, dated March 12, 2019, which is set forth in the Administrative Record and speaks for itself. Lincoln refers to Dr. Caruso's March 12, 2019 addendum report and denies the allegations of Paragraph 40 to the extent they are incomplete or inconsistent with that report or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 40.

41. Lincoln denies the allegations of Paragraph 41 of the Complaint.

42. Lincoln denies the allegations of Paragraph 42 of the Complaint.

43. Lincoln denies the allegations of Paragraph 43 of the Complaint.

44. Lincoln denies the allegations of Paragraph 44 of the Complaint.

45. In response to Paragraph 45 of the Complaint, Lincoln admits that Drs. Hoenig, Caruso, and Barry, and Lincoln's nurse consultants who prepared reports, prepared their reports on the basis of the medical evidence contained in the file and not on the basis of their own physical examinations of the Plaintiff. Lincoln denies that it was either necessary or appropriate

in this case for the consulting physicians or consulting nurses to physically examine the Plaintiff. Answering further, Lincoln refers to the consulting physicians' and consulting nurses' reports, as contained in the Administrative Record, and denies the allegations of Paragraph 45 to the extent they are incomplete or inconsistent with those reports or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 45.

46. In response to Paragraph 46 of the Complaint, Lincoln admits that following a full and fair second-level administrative appeal, Lincoln notified Plaintiff, by letter dated October 2, 2019, that it had upheld its prior determination as to LTD benefits. Answering further, Lincoln states that its letter of October 2, 2019, is set forth in the Administrative Record and speaks for itself. Lincoln refers to that letter and denies the allegations of Paragraph 46 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 46.

47. In response to Paragraph 47 of the Complaint, Lincoln admits that its letter of October 2, 2019, notified Plaintiff that she had exhausted administrative appeals as to her claim for LTD benefits. Answering further, Lincoln states that its letter of October 2, 2019, is set forth in the Administrative Record and speaks for itself. Lincoln refers to that letter and denies the allegations of Paragraph 47 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 47.

48. In response to Paragraph 48 of the Complaint, Lincoln states that its letter of October 2, 2019, sets forth the basis for Lincoln's determination and that letter is set forth in the Administrative Record and speaks for itself. Lincoln refers to its letter of October 2, 2019, and denies the allegations of Paragraph 48 to the extent they are incomplete or inconsistent with that

letter or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 48. Lincoln specifically denies that it failed to give due consideration or proper weight to any of the medical evidence contained in the Administrative Record.

49. In response to Paragraph 49 of the Complaint, Lincoln admits only that Plaintiff has taken the administrative appeals required by the Group LTD Policy and ERISA with respect to her claim for LTD benefits. Otherwise, Lincoln denies the allegations of Paragraph 49.

**Medical Facts**

50. In response to Paragraph 50 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 50 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 50. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

51. In response to Paragraph 51 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 51 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 51. With respect to Plaintiff's alleged October 2, 2015 onset

of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

52. In response to Paragraph 52 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 52 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 52. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

53. In response to Paragraph 53 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 53 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 53. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

54. In response to Paragraph 54 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 54 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 54. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

55. In response to Paragraph 55 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 55 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 55. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

56. In response to Paragraph 56 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to

such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 56 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 56. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

57. In response to Paragraph 57 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 57 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 57. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

58. In response to Paragraph 58 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 58 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln

denies the allegations of Paragraph 58. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

59. In response to Paragraph 59 of the Complaint, Lincoln states that certain medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatments are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 59 to the extent they are incomplete or inconsistent with such records and documents or any part of the Administrative Record. Except as expressly admitted, Lincoln denies the allegations of Paragraph 59. With respect to Plaintiff's alleged October 2, 2015 onset of disability, Lincoln specifically denies that Plaintiff met her burden under the Group Policies to prove any entitlement to disability benefits before March 30, 2016 or beyond September 15, 2018.

60. Lincoln denies the allegations of Paragraph 60 of the Complaint.

61. Lincoln denies the allegations of Paragraph 61 of the Complaint.

62. Lincoln denies the allegations of Paragraph 62 of the Complaint.

**Defendant's Conflict of Interest**

63. In response to Paragraph 63 of the Complaint, Lincoln admits that it was the claim administrator under the Group Policies and that as claim administrator it was responsible for adjudicating claims under the Group Policies. Lincoln also admits that it was responsible for paying benefits under the Group Policies to eligible claimants who prove entitlement to such benefits. Except as expressly admitted, Lincoln denies the allegations of Paragraph 63.

64. Lincoln denies the allegations of Paragraph 64 of the Complaint.

65. Lincoln denies the allegations of Paragraph 65 of the Complaint.

66. In response to Paragraph 66 of the Complaint, Lincoln admits that the Group Policies permit Lincoln, in appropriate cases, to require a claimant to submit to physical examination. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Group Policies and denies the allegations of Paragraph 66 to the extent they are incomplete or inconsistent with the terms of the Group Policies. Except as expressly admitted, Lincoln denies the allegations of Paragraph 66. Lincoln specifically denies that it was necessary or appropriate in this case to request or require a physical examination of Plaintiff.

67. In response to Paragraph 67 of the Complaint, Lincoln admits that the quantity of information necessary to make an accurate claim determination varies from case to case. Answering further, Lincoln states that under the Group Policies, it was at all times Plaintiff's burden to submit proof showing her alleged entitlement to benefits. Lincoln refers to the Group Policies, which are set forth in the Administrative Record and speak for themselves. Except as expressly admitted, Lincoln denies the allegations of Paragraph 67. Lincoln specifically denies that it was necessary or appropriate in this case to request or require a physical examination of Plaintiff.

68. In response to Paragraph 68 of the Complaint, Lincoln admits that the quantity of information necessary to make an accurate claim determination varies from case to case. Answering further, Lincoln states that under the Group Policies, it was at all times Plaintiff's burden to submit proof showing her alleged entitlement to benefits. Lincoln refers to the Group Policies, which are set forth in the Administrative Record and speak for themselves. Except as expressly admitted, Lincoln denies the allegations of Paragraph 68. Lincoln specifically denies

that it was necessary or appropriate in this case to request or require a physical examination of Plaintiff.

69. In response to Paragraph 69 of the Complaint, Lincoln admits that the Group Policies permit Lincoln, in appropriate cases, to require claimant to submit to physical examination. Lincoln also admits that it did not request that Plaintiff submit to a physical examination. Answering further, Lincoln states that the Group Policies are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Group Policies and denies the allegations of Paragraph 69 to the extent they are incomplete or inconsistent with the terms of the Group Policies. Except as expressly admitted, Lincoln denies the allegations of Paragraph 69. Lincoln specifically denies that it was necessary or appropriate in this case to request or require a physical examination of Plaintiff.

**COUNT I:**
**Wrongful Denial of Benefits under ERISA, 29 U.S.C. § 1132**

70. In response to Paragraph 70 of the Complaint, Lincoln restates and repeats its responses to Paragraphs 1 through 69 of the Complaint.

71. Lincoln denies the allegations of Paragraph 71 of the Complaint, including all subparts.

**COUNT II:**
**Attorney Fees and Costs**

72. In response to Paragraph 72 of the Complaint, Lincoln restates and repeats its responses to Paragraphs 1 through 71 of the Complaint.

73. Lincoln denies the allegations of Paragraph 73 of the Complaint.

## FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Lincoln, if any, arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA. *See* Pilot Life v. Dedeaux, 481 U.S. 41 (1987).

## THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policies.

## FOURTH DEFENSE

Lincoln has complied with and performed all of its promises, obligations and duties to Plaintiff and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

Lincoln's actions were taken in good faith in accordance with the provisions of the Group Policies.

## SIXTH DEFENSE

Plaintiff's claims are barred by her failure to submit sufficient proof pursuant to the terms of the Group Policies.

**SEVENTH DEFENSE**

Plaintiff's demand for attorney's fees should not be granted under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

**EIGHTH DEFENSE**

Each and every act or statement done or made by Lincoln and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and/or justified.

**NINTH DEFENSE**

Lincoln has reasonably and substantially complied with all applicable regulations.

**TENTH DEFENSE**

The Group Policies, in whole or in part, contain monthly benefits reductions, including but not limited to reductions for retirement benefits, other income, and Social Security benefits. Even if Plaintiff is eligible for benefits, which Lincoln denies, Lincoln is entitled to offset payment of benefits by other income.

**ELEVENTH DEFENSE**

Even if Plaintiff is currently disabled and eligible for benefits, which Lincoln denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

**TWELFTH DEFENSE**

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

**THIRTEENTH DEFENSE**

Plaintiff is limited to the evidence and arguments presented during the administrative process.

**FOURTEENTH DEFENSE**

There is no vesting of benefits under the Group Policies, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

**FIFTEENTH DEFENSE**

Other than with respect to her claim for long term disability benefits, Plaintiff has failed to exhaust her administrative remedies.

**SIXTEENTH DEFENSE**

Lincoln reserves the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

**REQUESTED RELIEF**

Defendant The Lincoln National Life Insurance Company respectfully requests that the Court: (i) dismiss Plaintiff's claims against Lincoln with prejudice and enter judgment in Lincoln's favor on such claims; (ii) award Lincoln its costs of suit, including reasonable attorneys' fees; and (iii) grant such other relief as is appropriate under the circumstances of this case.

Dated: July 20, 2020

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

*/s/ Stephanie C. Ng*
Stephanie C. Ng

One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
Tel: 713-655-5755
Fax: 713-655-0020
stephanie.ng@ogletree.com

-and-

/s/ Scott K. Pomeroy
Scott K. Pomeroy (*pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel: (207) 387-2961
Fax: (207) 387-2986
scott.pomeroy@ogletree.com

Counsel for Defendant The Lincoln National Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Stephanie C. Ng*
Stephanie C. Ng

42935968.2